## Commonwealth ex rel. Taylor v. Banmiller

*Andrew J. Taylor*, p. p., for relator.

*Arlen Specter*, Assistant District Attorney, and *Paul M. Chalfin*, District Attorney, for Commonwealth.

WEINROTT, J., March 8, 1961.—Relator, Andrew J. Taylor, filed a petition for a writ of habeas corpus asserting that (1) the proceedings in his case, considered as a whole, did not meet the requirements of due process of the law, (2) the trial judge ordered petitioner's case to trial without affording the court-appointed counsel time to prepare his defense, and (3) his constitutional rights were violated by the failure to hold a preliminary hearing.

Careful review of the record discloses that on January 25, 1957, relator in company with three other defendants robbed a store in Philadelphia, at the point of a gun, shooting both the proprietor and his wife. Taylor fled the jurisdiction after the incident and was indicted on April 25, 1957, on the basis of a petition presented to the court here setting out that he could not be found at his usual haunts and habitation within this Commonwealth. The whereabouts of Taylor were not known to the Pennsylvania authorities until March 11, 1959, when it was discovered that he was serving a sentence in the New Jersey State Prison. Upon a duly executed waiver of formal extradition proceedings Taylor was thereafter tried in Philadelphia on December 17, 1959, on four bills of indictment, nos. 1562, 1563, 1564 and 1565 of April sessions 1957, charging him respectively with aggravated robbery, conspiracy, assault and battery, aggravated assault and battery, assault and battery with intent to murder.

He was represented at trial by an assistant defender of the Philadelphia Voluntary Defender Association who, with Taylor, agreed to waive a jury trial. Taylor's defense at the time of trial was a complete denial contending that he was in Richmond, Virginia, at the time the offense was committed. The court adjudicated relator guilty on all all charges except the conspiracy charge, bill no. 1563, and the count of assault and battery with intent to murder. Sentences were imposed as follows: On bill no. 1564 sentence was suspended; on bill no. 1562 Taylor was sentenced to serve a term of 8 to 16 years in the State Correctional Institution at Philadelphia; on bill no. 1565 Taylor was sentenced to serve a term of three and one-half to seven years in the same institution, this sentence to be consecutive to that on bill no. 1562. Relator appealed from the judgments of sentence on bills nos. 1562, 1564 and 1565, raising the following questions:

1. That the Commonwealth did not have jurisdiction over the subject, having illegally returned him from the State of New Jersey;

2. That the lower court was in error in imposing three separate sentences on three counts arising out of one transaction;

3. That the verdict was against the weight of the evidence;

4. That the court below abused its discretion by not ordering trial by jury;

5. That it was error for the trial judge to order trial without allowing court-appointed counsel any time to prepare for the defense; and

6. That defendant was denied his constitutional right to a speedy trial.

These questions encompass the very same questions petitioner sought to reassert in his instant petition for a writ of habeas corpus. Our Superior Court, despite

the fact that Taylor filed no post conviction motions for a new trial or an arrest of judgment, considered and answered his complaints since he was then in prison, although they proposed to dismiss the appeal on procedural grounds. The court passed the assertion in the Commonwealth's brief that appellant waived extradition and pointed out that a prisoner who is regularly indicted and tried under the laws of the State where the crime was committed is not deprived of due process by the manner in which he is brought from another jurisdiction, citing Commonwealth ex rel. Master v. Baldi, 166 Pa. Superior Ct. 413. On consideration of the testimony, the appellate court stated that where a defendant in a criminal prosecution agrees to be tried by a judge without a jury, the findings of the judge are as binding upon the appellate court as the verdict of the jury, if supported by competent evidence, citing Commonwealth v. Lick, 146 Pa. Superior Ct. 435. See Commonwealth v. Taylor, 193 Pa. Superior Ct. 386.

As to the alleged error in not ordering and directing the waiver of trial by jury be withdrawn, the Superior Court noted that appellant and his counsel properly waived a jury trial, and that there was no request to withdraw the waiver at any point. The court further stated that it had made a careful examination of the original record and found the testimony fully supported the verdict.

In answer to Taylor's contention that counsel did not have adequate time to prepare his defense, the court asserted that the record did not disclose any request either by appellant or his counsel for more time to prepare the case, and that it was not alleged that a delay would have enabled him to produce more helpful testimony or that he was prejudiced in any way.

In response to relator's argument that he was not afforded speedy trial, the court answered that the

delay was entirely his own fault. He fled the jurisdiction and his whereabouts was unknown so far as the Pennsylvania authorities were concerned until on or about March 11, 1959, when it was discovered that he was serving a sentence in the New Jersey State Prison. His trial followed promptly thereafter.

Petitioner seeks to utilize his petition for a writ of habeas corpus as a substitute for a petition for reargument of his case before the Superior Court. It would be presumptuous for this court to in effect review the action of its appellate tribunal.

In view of the foregoing, we have heretofore entered an order dismissing relator's petition for a writ of habeas corpus.